

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## AP-74,720

### EX PARTE MARK ROBERTSON

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### IN CAUSE NO. W89-85961-L(B) FROM THE
### CRIMINAL DISTRICT COURT NO. 5 OF DALLAS COUNTY

*Per Curiam*.  COCHRAN, J., *not participating.*

### OPINION

Applicant was convicted on February 11, 1991, for the capital murder of Edna Brau,

committed during a robbery on August 19, 1989.  We affirmed the conviction and sentence

on direct appeal.  *Robertson v. State*, 871 S.W.2d 701 (Tex. Crim. App. 1993) *cert. denied,*

513 U.S. 853 (1994).  On applicant's initial application for writ of habeas corpus filed

pursuant to Texas Code of Criminal Procedure, Article 11.071, we denied relief.  *Ex parte*

*Robertson*, WR-30,077-01 (Tex. Crim. App. November 18, 1998).  In each state and federal

court, applicant asserted that he had been denied a vehicle for the jury to consider his

mitigating evidence because he had received what has come to be called a "nullification

instruction." In every venue his requests for relief were denied. Just before the date set for his execution in August 2003, applicant filed a subsequent application, again raising the claim that the nullification instruction impermissibly limited the jury's ability to consider and give effect to mitigating evidence presented during trial. On August 19, 2003, this Court stayed his execution while we considered an identical claim in *Ex parte Laroyce Lathair Smith*, 132 S.W.3d 407 (Tex. Crim. App. 2004). However, on June 24, 2004, the United States Supreme Court decided *Tennard v. Dretke*, 124 S.Ct. 2562 (2004), and specifically disapproved of the test used by the Fifth Circuit in *Penry*[1] claims; the same test used in the Fifth Circuit decision in the case before us, *Robertson v. Cockrell*, 325 F.3d 243 (5th Cir. 2003), and also applied by this Court in *Ex parte Smith*. As a result, the Supreme Court also reversed our decision in *Smith v. Texas*, 125 S.Ct. 400 (2004), holding that this Court assessed the claim under an improper legal standard. Applying the holding in *Smith v. Texas* to this case, we held that the claim was unavailable on the date applicant filed his initial application and that applicant met the requirements for consideration of his subsequent claim under Article 11.071, Section 5. The case was remanded to the convicting court for consideration of the claim. The convicting court made detailed findings and conclusions. The convicting court found that applicant presented mitigating evidence, for which under *Penry I* there had to be an adequate means for the jury to consider beyond the limits of the special issues, that applicant had requested such a means, and that when presented with the

---

[1] *Penry v. Lynaugh*, 492 U.S. 302 (1989) (*Penry I*).

nullification instruction, applicant objected that it still did not give the jury a proper means to consider his mitigating evidence.  Based on our review of the record, we adopt those findings and agree that relief should be granted.

Applicant's sentence is reversed, and the case is remanded to the convicting court for a new trial on punishment.

Delivered:    March 12, 2008

Do Not Publish